**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PRIMITIVO TAMEZ** | § | |
| | § | |
| **V.** | § | **A-10-CA-251-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 10); and Petitioner's Response thereto (Documents 13-14). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that the application for writ of habeas corpus should be dismissed.  Alternatively, Petitioner's application for writ of habeas corpus should be denied.

**I.  STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas in cause number 96-398-K358, styled The State of Texas v. Primitivo Tamez.  In that case, Petitioner pleaded

guilty pursuant to a plea bargain agreement in exchange for a 20-year sentence. Petitioner does not challenge his holding conviction. Rather, he challenges the execution of his sentence.

Respondent asserts Petitioner was released to parole on December 21, 2000. Petitioner's parole was subsequently revoked on March 31, 2008. When Petitioner was returned to TDCJ custody, he lost all street-time credits earned during his release. On October 30, 2008, and September 21, 2009, Petitioner filed two time dispute resolution forms with TDCJ. On November 5, 2008, and November 12, 2008, TDCJ responded that there was no error in his time calculation. Petitioner also filed two state applications for habeas corpus relief, challenging his time calculation. His first application was filed on October 17, 2008. Ex parte Tamez, Appl. No. 71,399-01 at 2. The Texas Court of Criminal Appeals dismissed the application without written order on February 4, 2009, because he had not filed a time credit dispute prior to filing his habeas application. Id. at cover. Petitioner filed his second application on October 30, 2009. Ex parte Tamez, Appl. No. 71,399-02 at 2. It was denied without written order on the findings of the trial court on February 10, 2010. Id. at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The denial of his street time violated his right to due process, and

2.      The denial of his street time violated the Separation of Powers Doctrine.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

2

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred.  Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner should have discovered the factual predicate of his claims no later than May 2, 2008, the date he was returned to TDCJ custody after his parole was revoked.  The Court concludes that the time during which Petitioner's first time credit dispute and his first state application for habeas corpus relief were pending (from October 17, 2008 until February 4, 2009) tolled the

limitations period.[1]  At the time the Texas Court of Criminal Appeals denied Petitioner's first state application, 197 days remained of the one-year limitations period.  Therefore, Petitioner's federal application was due on or before August 20, 2009.  Petitioner did not execute his federal application until April 8, 2010, several months after the limitations period expired.  Petitioner's second time credit dispute and second state application for habeas corpus relief did not operate to toll the limitations period, because they were filed after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Accordingly, Petitioner's application should be dismissed as time-bared.  Moreover, even if reviewing on its merits, Petitioner's application is lacking, as explained in the following section.

---

[1]A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute.  Ex parte Shepherd, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). The provisions of 28 U.S.C. § 2244(d)(2) provide that the time a state post-conviction or other collateral review proceeding is pending shall toll the deadline.  Judges in the Northern District of Texas, the Eastern District of Texas, and the Western District of Texas have concluded that the limitations period is tolled during the pendency of the time credit dispute. Hunter v. Quarterman, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006); Hood v. Director, TDCJ-CID, No. 9:06-CV-165, 2006 WL 3246355 at *3 (E.D. Tex. Nov. 6, 2006); Cain v. Quarterman, No. 1:07-CV-754-SS (W.D. Tex. July 28, 2008). In light of the mandatory exhaustion requirements of 28 U.S.C. § 2254(b)(1), this Court is of the opinion the limitations period is tolled during the pendency of the time credit dispute.

**B.      AEDPA Standard**

The standard for considering the merits of the petition is set by the AEDPA.   Under the AEDPA standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.   See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this

presumption by clear and convincing evidence.  See id.  Absent an unreasonable determination in

light of the record, we will give deference to the state court's fact findings.  See id. § 2254(d)(2).

With these principles in mind, this Court must now turn to the issues raised by the pleadings in this

cause.

      1.     Street-Time Credits

      Petitioner argues he is entitled to credit for the time he spent on parole,  also known as "street

time."  Despite Petitioner's argument, the law in this Circuit firmly establishes that time spent on

parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory

supervision violator returned to prison.  The courts have consistently held that by violating parole

or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to

release and all credit for time on parole or mandatory supervision before the violation.  See Cortinas

v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole

Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United

States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.),

cert. denied, 409 U.S. 987, 93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970).  Thus,

Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or

mandatory supervision.  Additionally, the Court notes parole and mandatory supervision conditions

are not additional to, but rather part of, the original sentence.  See  Coronado v. United States Board

of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969).

Petitioner is not being forced to serve more than his 20-year sentence.  Petitioner violated the terms

of his supervision, and as a result, lost any credit for the time he spent on parole.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision.  The Texas parole statute in effect at the time the controlling offense was committed (September 19, 1995) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

Tex. Code Crim. Proc. art. 42.18 § 15(a) (West 1995) (currently Tex. Gov't Code Ann. § 508.156(e) (West 2010).  Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.  In addition, Petitioner does not deny he received notice prior to his release on parole that he would not receive credit for the time spent on parole if his parole was revoked.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Petitioner's revocation in 2008 Petitioner is not entitled to credit.  That statute read in pertinent part:

> (c)     If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.  For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(West 2008).  Under Section 508.283(c), Petitioner would have been entitled to credit for street time if on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons."  According to Respondent, Petitioner's midpoint calculation date was September 22, 2008.  Because the pre-revocation warrant for Petitioner's arrest was issued on July 11, 2007, Petitioner failed to make it to his midpoint calculation date.  As a result, Petitioner is not entitled to receive street-time credit under Section 508.283.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

      2.    <u>Separation of Powers</u>

Petitioner argues that TDCJ violated the Separation of Powers Doctrine by denying him street-time credit.  This argument concerns actions involving state branches of government.  Thus, Petitioner has not stated a federal constitutional violation based on the Separation of Powers Doctrine.  <u>Sweezy v. New Hampshire</u>, 354 U.S. 234, 255, 77 S. Ct. 1203 (1957).

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.  Alternatively, it is recommended that Petitioner's application for writ of habeas corpus be denied.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE